UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ALYCE R. ANDERSON,         )  | | |
|     Plaintiff,         )  | | |
|         )  | | |
| v.         )  | CAUSE NO.: 2:21-CV-218-JEM |
|         )  | | |
| CHERYL KRAMER,         )  | | |
|     Defendant.         )  | | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss [DE 5], filed September 13, 2021. Defendant argues that the Court does not have jurisdiction over this matter so it must be dismissed.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**I.     Background**

On April 30, 2021, Plaintiff Anderson, a United States Postal Service (USPS) employee, filed a petition for an order of protection against Defendant Kramer in state court. At the time the matter was filed, Defendant was an administrative judge for the Equal Employment Opportunity Commission (EEOC) assigned to an EEO complaint filed by Plaintiff against USPS. On July 8, 2021, Defendant removed the case to this Court. On September 13, 2021, Defendant filed the instant motion to dismiss for lack of subject matter jurisdiction. Plaintiff, who is proceeding *pro se*, did not file a response, and the time to do so has passed.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a cause of action when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). However, when subject matter jurisdiction is not apparent on the face of the complaint and is contested, the district court may "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 198 (1936)).

## III. Analysis

Plaintiff has pending claims of workplace discrimination against her employer, USPS, and Defendant was the administrative judge assigned to one of her EEO complaints. Plaintiff seeks to have all legal communication regarding her workplace discrimination claims sent to her on paper through the mail and filed the underlying petition for order of protection against Defendant to prevent her from communicating with Plaintiff via email. Defendant argues that because the United States Government has not waived sovereign immunity to allow the state courts to dictate the actions Defendant, a federal employee, may take in her official capacity, the state court did not have jurisdiction over Plaintiff's petition for order of protection, and this Court therefore should

dismiss the case for lack of jurisdiction

This case was removed pursuant to 28 U.S.C. § 1442(a), which provides for removal to the United States District Court of "[a] civil action . . . against or directed to . . . any officer (or person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" that was first filed in state court. "The jurisdiction of the federal court upon removal, pursuant to 28 U.S.C. § 1442, is essentially derivative of that of the state court." *Edwards v. U.S. Dep't of Just.*, 43 F.3d 312, 316 (7th Cir. 1994) (citing *Arizona v. Manypenny*, 451 U.S. 232, 242 n. 17 (1981); *Minnesota v. United States*, 305 U.S. 382, 389, (1939)). Accordingly, if the state court did not have jurisdiction over the claim, then neither does this Court, in what is called "the doctrine of derivative jurisdiction." *Rodas v. Seidlin*, 656 F.3d 610, 615 (7th Cir. 2011). Because Plaintiff is suing a federal officer for actions taken in her official role, the suit is as if against the Government, and can only proceed if the Government waives sovereign immunity. *Edwards v. U.S. Dep't of Just.*, 43 F.3d 312, 317 (7th Cir. 1994) ("Waiver of sovereign immunity is a jurisdictional prerequisite in the nature of . . . subject matter jurisdiction, in that unless sovereign immunity be waived, there may be no consideration of the subject matter."). The Government has not done so in this case, so the state court did not have jurisdiction to direct how Defendant performs the tasks of her federal employment and under the doctrine of derivative jurisdiction, neither does this Court. *See, e.g., Hearne v. Jones*, No. 15 C 3513, 2015 WL 3798113, at *2 (N.D. Ill. June 18, 2015) ("Thus, because the state court did not have jurisdiction to order Jones not to come within 500 feet of the DHA (i.e., not appear at work), then this Court lacks jurisdiction as well.").

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the Defendant's Motion to Dismiss [DE 5] and **ORDERS** that this matter is **DISMISSED without prejudice.**

SO ORDERED this 29th day of October, 2021.

>                                                             s/ John E. Martin
>                                                             MAGISTRATE JUDGE JOHN E. MARTIN
>                                                             UNITED STATES DISTRICT COURT

cc:     All counsel of record
        Plaintiff, *pro se*